1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT C. MATTHEWS,

11              Plaintiff,                    No. CIV S-07-1418 GEB KJM P

12        vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS,
14
                Defendants.                   ORDER
15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $13.60 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

                                              1

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

18  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

20  Atlantic Corp. v. Twombly, __ U.S. __, 126 S.Ct. 1955, 1964-65 (2007).  A complaint must

21  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

22  factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

23  "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

24  notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, __

25  U.S. __, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must

26  /////

1  accept as true the allegations of the complaint, id., and construe the pleading in the light most

2  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3          Plaintiff alleges that an unnamed doctor refused to treat him even though he had

4  broken glass embedded in his finger.  A few months later, the glass was surgically removed at an

5  outside hospital, but plaintiff still has numbness in his finger.

6          Although this states an Eighth Amendment claim, plaintiff has named as

7  defendants the California Department of Corrections and the unnamed doctor.

8          The Eleventh Amendment serves as a jurisdictional bar to suits brought by private

9  parties against a state or state agency unless the state or the agency consents to such suit.  See

10  Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam);

11  Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of

12  California has not consented to suit.

13          The court cannot direct service on the unnamed doctor, even though the complaint

14  states a claim against him.  Plaintiff may be able to find this defendant's name by consulting or

15  obtaining records from his incarceration in California.  He will be given an opportunity to amend

16  the complaint.

17          If plaintiff chooses to amend the complaint, he is informed that the court cannot

18  refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule

19  15-220 requires that an amended complaint be complete in itself without reference to any prior

20  pleading.  This is because, as a general rule, an amended complaint supersedes the original

21  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

22  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

23  amended complaint, as in an original complaint, each claim and the involvement of each

24  defendant must be sufficiently alleged.

25  /////

26  /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 13.60.  All fees shall be collected and paid in accordance with this court's order to the Central Trust Division of the Oregon Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the form for a civil rights action by a prisoner.

DATED:  October 23, 2007.

_____
U.S. MAGISTRATE JUDGE

2/matt1418.14

4