IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT CHARLES MATTHEWS,

    Plaintiff,                    No. CIV S-07-1418 GEB KJM P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.             <u>ORDER</u>

           Plaintiff, currently in prison in Oregon, is a former California prison inmate who has filed a civil rights action stemming from his incarceration in California.  He has filed a motion to compel discovery and a motion for 180-day extension of the trial date.   He has filed something he has called a pretrial statement but which in actuality is another request for additional time in which to complete discovery.

I. <u>MotionTo Compel</u> (Docket No. 48)

           Plaintiff asks this court to compel the California Department of Corrections and Rehabilitation (CDCR) to comply with a subpoena duces tecum served on its Archives Unit on September 13, 2010, seeking copies of grievances relating to the incident at the center of the complaint in this action.  He supports this request with a copy of the document he characterizes as the subpoena, which appears to have been prepared and served by plaintiff.

1

Under Federal Rule of Civil Procedure 45(a)(3), "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it" or a subpoena may be signed by an attorney "as officer of the court." Under Rule 45(b)(1), a subpoena may be served by "[a]ny person who is at least 18 years old and not a party. . . ." To prove service, a statement "showing the date and manner of service and the names of the persons served" must be certified by the server and filed with the issuing court. Fed. R. Civ. P. 45(b)(4). Plaintiff's document does not comply with any of these requirements.

II. <u>Motion To Compel</u> (Docket No. 51)

Plaintiff contends that defendant Hui has not responded to his requests for admission and for production. He alleges that the request for admissions was resent to defendant's counsel on September 9, 2010, and the request for production was sent on September 22, 2010. Defendant has opposed the motion and has provided copies of the responses he provided on October 13, 2010. <u>See</u> Docket Nos. 52-1, 52-2. Plaintiff's motion is moot.

III. <u>Motion For Additional Time To Conduct Discovery</u> (Docket No. 53)

Plaintiff has asked for an additional 180 days in which to conduct discovery. In his supporting declaration, he maintains that defendant Hui has not responded to his discovery requests and suggests he will file a motion for summary judgment once he receives the requested discovery.

Even if plaintiff had not previously received the discovery responses defendant Hui mailed on October 13, the responses are exhibits to defendant's opposition to the motion to compel discussed above and now presumably are in plaintiff's possession. Moreover, as noted above, plaintiff's attempts to secure documents by means of a subpoena duces tecum are unavailing.

/////

/////

IV. Other Matters

Plaintiff's purported pretrial statement is simply another request for additional time in which to conduct discovery. Because there are no pretrial statements before the court, the trial date of January 4, 2011, set in this court's scheduling order, is vacated. The parties are given an additional twenty-eight days from the date of this order to file motions for summary judgment. If no such motions are filed, plaintiff must file his pretrial statement within fourteen days after the expiration of that period. No extensions of time will be granted. If plaintiff does not file a motion for summary judgment and then fails to file his pretrial statement, he will be subject to sanctions, including dismissal.

IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel (docket. no. 48) is denied;

2. Plaintiff's motion to compel (docket. no. 51) is denied;

3. Plaintiff's motion for an additional 180 days to conduct discovery (docket. no. 53) is denied;

4. The trial date of January 4, 2011, is vacated;

5. The parties may file motions for summary judgment within twenty-eight days of the date of this order. No extensions of time will be granted;

6. If no summary judgment motions are filed within the twenty-eight day period, plaintiff's pretrial statement is due within fourteen days of the expiration of that period.

DATED: December 9, 2010.

_____
U.S. MAGISTRATE JUDGE

2

matt1418.mtc+