1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9    SCOTT CHARLES MATTHEWS,

10          Plaintiff,                              No. CIV S-07-1418 GEB CKD P

11      vs.

12   HUI,

13          Defendant.                     ORDER

14   _____/

15          Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. §

16   1983.  This case has been selected for the court's Prisoner ADR Program and will be referred to

17   Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District

18   Court, 501 I Street, Sacramento, California 95814 in Courtroom #2 on April 5, 2012 at 12:30

19   p.m.

20          Plaintiff will be required to appear by video conference from his current place of

21   confinement.  A separate order and writ of habeas corpus ad testificandum will issue

22   concurrently with this order.

23          In accordance with the above,  IT IS HEREBY ORDERED that:

24          1. This case is set for a settlement conference before Magistrate Judge Craig M.

25   Kellison on April 5, 2012, at 12:30 p.m. at the U. S. District Court, 501 I Street, Sacramento,

26   California 95814 in Courtroom #2.

1    2.  Plaintiff shall personally attend, via video conference.

2    3.  Defendants' lead counsel and a person with full and unlimited authority to

3    negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4    4.  Those in attendance must be prepared to discuss the claims, defenses and

5    damages.   The failure of any counsel, party or authorized person subject to this order to appear

6    in person may result in the imposition of sanctions.  In addition,  the conference will not proceed

7    and will be reset to another date.

8    Dated: February 10, 2012

9    _____

10   CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

11

12   3
     matt1418.med

13

14

15

16

17

18

19

20   [1]The term "full authority to settle" means that the individuals attending the mediation
     conference must be authorized to fully explore settlement options and to agree at that time to any
21   settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,
     871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6
22   F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have
     "unfettered discretion and authority" to change the settlement position of the party, if appropriate.
23   Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in
     part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind
24   requiring the attendance of a person with full settlement authority is that the parties' view of the
     case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An
25   authorization to settle for a limited dollar amount or sum certain can be found not to comply with
     the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97
26   (8th Cir. 2001).

2